# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
  §
HOCKIN, DAVID § Case No. 14-32742
HOCKIN, CLAUDETTE §
  §
  §
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]      $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Peter N. Metrou, Trustee_____
                                     Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 14-32742 | BWB | Judge: BRUCE W. BLACK | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|
| Case Name: | HOCKIN, DAVID | | | Date Filed (f) or Converted (c): | 09/08/14 (f) |
| | HOCKIN, CLAUDETTE | | | 341(a) Meeting Date: | 10/06/14 |
| For Period Ending: | 04/16/15 | | | Claims Bar Date: | 01/08/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 612 Woodchuck Trail, Oswego IL 60543 | 240,000.00 | 0.00 | | 0.00 | FA |
| 2. Timeshare - Bella Florida Condominium Purchased fo | 1.00 | 0.00 | | 0.00 | FA |
| 3. North Community Bank - savings | 800.00 | 0.00 | | 0.00 | FA |
| 4. ABRI Credit Union - savings | 0.00 | 0.00 | | 0.00 | FA |
| 5. ABRI Credit Union - checking | 0.00 | 0.00 | | 0.00 | FA |
| 6. West Suburban Bank - checking | 1,400.00 | 0.00 | | 0.00 | FA |
| 7. Security deposit with landlord | 2,000.00 | 0.00 | | 0.00 | FA |
| 8. Miscellaneous household goods and furnishings | 1,500.00 | 0.00 | | 0.00 | FA |
| 9. Miscellaneous books, pictures, DVDs, CDs, etc. | 350.00 | 0.00 | | 0.00 | FA |
| 10. Necessary wearing apparel | 150.00 | 0.00 | | 0.00 | FA |
| 11. Two wedding bands; miscellaneous jewelry | 1,500.00 | 0.00 | | 500.00 | FA |
| 12. Five firearms; miscellaneous hobby equipment | 1,500.00 | 0.00 | | 500.00 | FA |
| 13. Health, automobile, and term life policies | 0.00 | 0.00 | | 0.00 | FA |
| 14. Metropolitan Life - Whole life policy; Claudette H | 20,993.69 | 0.00 | | 0.00 | FA |
| 15. State Farm - Whole life insurance policy; Debtors' | 1,145.00 | 0.00 | | 0.00 | FA |
| 16. Fermi Lab 403(b) | Unknown | 0.00 | | 0.00 | FA |
| 17. Environmental Consulting work - sole proprietorshi | 0.00 | 0.00 | | 0.00 | FA |
| 18. 1999 Jeep Approximately 150,000 miles | 2,000.00 | 0.00 | | 0.00 | FA |
| 19. 2007 Dodge Caliber Approximately 65,000 miles | 4,000.00 | 0.00 | | 500.00 | FA |
| 20. 2002 Ford Escort Approximately 35,000 miles | 1,500.00 | 0.00 | | 500.00 | FA |
| 21. 2003 Harley Davidson Approximately 20,000 miles | 8,500.00 | 0.00 | | 4,000.00 | FA |
| 22. One laptop computer; One printer; miscellaneous pa | 100.00 | 0.00 | | 0.00 | FA |
| 23. One dog | 0.00 | 0.00 | | 0.00 | FA |
| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $287,439.69 | $0.00 | | $6,000.00 | $0.00 |

Case 14-32742    Doc 30    Filed 04/30/15    Entered 04/30/15 08:29:29    Desc Main
Document      Page 4 of 9

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 2

Exhibit A

Case No:  14-32742    BWB    Judge: BRUCE W. BLACK   Trustee Name:    Peter N. Metrou, Trustee
Case Name:    HOCKIN, DAVID    Date Filed (f) or Converted (c):    09/08/14 (f)
              HOCKIN, CLAUDETTE    341(a) Meeting Date:    10/06/14
                                   Claims Bar Date:    01/08/15

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined by Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) Abandon | Sale/Funds<br>Received by<br>the Estate | Asset Fully Administered (FA)/<br>Gross Value of Remaining Assets |

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Compromise of assets approved- funds received.- Ready for claims review and TFR

Initial Projected Date of Final Report (TFR): 12/01/15    Current Projected Date of Final Report (TFR): 12/01/15

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 14-32742 -BWB | | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: | HOCKIN, DAVID | | Bank Name: | Associated Bank |
| | HOCKIN, CLAUDETTE | | Account Number / CD #: | *******5231 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******9538 | | | |
| For Period Ending: | 04/16/15 | | Blanket Bond (per case limit): | $ 1,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/26/15 | * NOTE * | David Hockin<br>612 Woodchuck Trail<br>Oswego, IL 60543 | Compromise of assets<br>* NOTE * Properties 11, 12, 19, 20, 21 | 1129-000 | 6,000.00 | | 6,000.00 |
| 02/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,990.00 |
| 03/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,980.00 |

```
                        COLUMN TOTALS                         6,000.00        20.00      5,980.00
                Less:  Bank Transfers/CD's                        0.00         0.00
                Subtotal                                      6,000.00        20.00
                Less:  Payments to Debtors                                     0.00
                Net                                           6,000.00        20.00
```

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - ********5231 | 6,000.00 | 20.00 | 5,980.00 |
| | 6,000.00 | 20.00 | 5,980.00 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals       6,000.00       20.00

ANALYSIS OF CLAIMS REGISTER
EX C

CASE NO: 14-32742-BWB
CASE NAME: HOCKIN, DAVID
CLAIMS BAR DATE: 01/08/15
CLAIMS REVIEWED BY: Peter N. Metrou, Trustee

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL 60543 | Administrative | | 0.00 | 1,350.00 | 1,350.00 |
| | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL 60543 | Administrative | | 0.00 | 40.68 | 40.68 |
| | | Subtotal for Class Administrative | | 0.00 | 1,390.68 | 1,390.68 |
| 000001<br>070<br>7100-00<br>General<br>Unsecured<br>726(a)(2) | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | (1-1) Unsecured Debt | 3,319.00 | 3,169.00 | 3,169.00 |
| 000002<br>070<br>7100-00<br>General<br>Unsecured<br>726(a)(2) | PYOD, LLC its successors and<br>assigns as<br>assignee<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | 6,771.00 | 7,017.02 | 7,017.02 |
| | | Subtotal for Class Unsecured | | 10,090.00 | 10,186.02 | 10,186.02 |
| | | Case Totals: | | 10,090.00 | 11,576.70 | 11,576.70 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

    Exhibit D

Case No.: 14-32742  
Case Name: HOCKIN, DAVID  
         HOCKIN, CLAUDETTE  
Trustee Name: Peter N. Metrou, Trustee

    Balance on hand                      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ | $ | $ |
| Trustee Expenses: Peter N. Metrou, Trustee | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses    $_____  
    Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ \_\_\_\_\_ must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000002 | PYOD, LLC its successors and assigns as | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE